IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LSE R&D ENGINEERING LLC,** *et al.*, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § Civil Action No. 4:25-cv-00118-O-BP |
| | § |
| | § |
| **DAVID LISCH,** *et al.*, | § |
| | § |
| Defendants. | § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Motion for Partial Summary Judgment (ECF No. 59) filed on June 10, 2025; Plaintiff's Motion for Leave to File Partial Summary Judgment (ECF No. 80) filed on June 22, 2025; Response to Plaintiff's Motions for Summary Judgment and Related Filings (ECF No. 87) that Defendants Stephen S. Mosher, Clark R. Cowley, and Whitaker Chalk Swindle & Schwartz PLLC (collectively the "WCSS Defendants") filed on June 30, 2025; the Response to Plaintiff's Motion for Summary Judgment (DOC No. 59) that Defendant Gray Reed & McGraw LLP ("Gray Reed") filed on July 1, 2025 (ECF No. 90); and Plaintiff's Reply in Support of ECF 59 (ECF No. 91) filed on July 1, 2025.

This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 4. After reviewing the pleadings and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **DENY** Plaintiff's Motion for Partial Summary Judgment (ECF No. 59) and Motion for Leave to File Partial Summary Judgment (ECF No. 80) without prejudice to Plaintiff Looney's right to refile a single motion for summary

judgment after discovery closes in the form that the Federal Rules of Civil Procedure and the Court's Local Civil Rules require.

## I. BACKGROUND

LSE R&D Engineering LLC, LSE R&D Engineering Limited, and Allen Eugene Looney as CEO of LSE R&D, purporting to proceed *pro se*, filed their Complaint for Intellectual Property Malpractice, Fraud, Breach of Fiduciary Duty, Unjust Enrichment, Civil Rights Violations, RICO Violations, Defamation, and Related Claims on February 10, 2025. ECF No. 1. Because LSE R&D Engineering LLC and LSE R&D Engineering Limited could not proceed without legal representation, the Court ordered them to obtain counsel by February 28, 2025. ECF No. 6. *See CitiMortgage, Inc. v. Pac. Standard Holdings*, No. 3:17-cv-3318-C-BH, 2019 WL 5430665 at *3 (N.D. Tex. Oct. 4, 2019) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02; *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). On May 14, 2025, Looney filed an amended complaint in which he is the only plaintiff, and he is proceeding without legal counsel. ECF No. 41.

By the Court's count, Looney names 95 persons and entities as defendants in the case. ECF No. 41. To date, the only defendants that have appeared in the case are the WCSS Defendants; Gray Reed; Bert the Spider, LLC d/b/a IP Illustration (ECF Nos. 51, 93); and David Hassan (ECF No. 93).

Looney filed his Motion for Partial Summary Judgment less than a month after he filed his amended complaint. He filed his Motion for Leave to File Partial Summary Judgment, which the Court liberally construes as a Second Motion for Partial Summary Judgment, within two weeks after filing the first motion. In the first motion, Looney seeks partial summary judgment on "the issue of Defendants' legal malpractice and breach of fiduciary duty for the intentional omission of

Novel, Inventive, and Non-Obvious Features from Plaintiff's patent filings." ECF No. 59 at 1. In the second motion, he seeks partial summary judgment against "Defendants D02, D03, D04, and D05" for "liability Based on Omitted Novel, Inventive, and Non-Obvious Features (NINFs), Procedural Misconduct, and Confidentiality Breaches" on counts of constructive fraud, breach of fiduciary duty, patent contribution misappropriation, negligent misrepresentation, breach of confidentiality, and misuse of privileged information. ECF No. 80 at 1-2.

The amended complaint reflects that Defendant 02 means the WCSS Defendants, IP Illustration, David Hassan, TechFW Incubator-Accelerator Program, Hayden Blackburn, Cathy Trinh, Sandy El-Rayes, Texas Manufacturing Assistance Center, and Darold Tippey. Defendant 03 means Ricardo Lee & Associates Law Office, RLA IP Professional Services Limited (Hong Kong), Ricardo Lee, Wai Sim Cheong, Yiliz Kam, Wai Sim, Vincent X, Samantha X, Churchill Attorneys, Kevin W. McDaniel, Egbert, McDaniel & Swartz, PLLC, and Egbert Law Offices, PLLC. Defendant D04 means Kevin Mark Klughart and Klughart Engineering, Inc. Defendant 05 means Wenping Patent & Trade Mark Agent Limited (Hong Kong), Sandy Tam, Arthur Au Yeung, Juiwen Raymond Ho, Laura Tin, HK Wong, Kalvin Tse, Shanghai Patent & Trademark Law Office LLC, and WRAYS PTY LTD. ECF No. 41 at 2-23.

## II.     LEGAL STANDARD

### A.     Summary judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Sw. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions" do not meet the nonmovant's burden. *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citing *Douglass*, 79 F.3d at 1429). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50 (internal citations omitted). Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Id.* at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)). The Court draws all reasonable factual inferences in favor of the non-movant. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (citing *Hodges v. Exxon Corp.*, 727 F.2d 450, 452 (5th Cir. 1984)). In addition, factual controversies are

resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

In ruling on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, the Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Nor must the Court consider uncited materials or comb the record for evidence supporting or attacking a summary judgment motion. Fed. R. C. P. 56(c)(3). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832 (1992). "As the Seventh Circuit has memorably put it, '[j]udges are not like pigs, hunting for truffles buried [in the record].'" *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024).

B.     **Pro se parties**

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. Although courts "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with [rules of procedure]." *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). "'The notice afforded by the Rules of Civil Procedure and the local rules' is 'sufficient' to advise pro se litigants of their burden[;] . .

5

. no 'particularized additional notice' for pro se litigants is required." *Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (per curiam) (quoting *Martin v. Harrison Cty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992)).

### III. ANALYSIS

#### A. The summary judgment motions are premature.

Although the Federal Rules of Civil Procedure do not set a starting date when parties can move for summary judgment, trial courts may consider an early motion to be premature. 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2718 (4th ed. 2008). "Thus . . . it is within the trial court's discretion to deny a motion for summary judgment without prejudice to its being renewed at a later time and the court may grant a renewed motion upon a showing of good cause." *Id.* The Fifth Circuit has noted that such motions should not be filed before the parties have conducted discovery. See *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002) ("Summary judgment assumes some discovery."); *F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) ("Summary judgment is appropriate if, *after discovery*, there is no genuine dispute over any material fact.").

Because a court cannot properly consider a motion for summary judgment until after the parties have had an opportunity to conduct discovery, courts regularly deny early summary judgment motions as premature. See *Cree v. Braco*, No. 2:21-CV-00208, 2022 WL 1379512, at *1 (S.D. Tex. Apr. 6, 2022) (recommending the district judge deny without prejudice as premature plaintiff's summary judgment motion, where defendant had not yet answered and no discovery had taken place), *rec. accepted sub nom.*, *Cree v. Collier*, 2022 WL 1321043 (S.D. Tex. May 3, 2022); *Whitfield v. Miss. Bureau of Narcotics*, No. 3:17cv987-HSO-JCG, 2019 WL 6534144, at *4 (S.D. Miss. Dec. 4, 2019) ("Because neither party has had adequate time to complete discovery,

[p]laintiff's [m]otion for [s]ummary [j]udgment should be denied without prejudice as premature."); *George v. Go Frac, LLC*, No. SA-15-CV-943-XR, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016) ("Granting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature.").

In this case, all the defendants have not been served, the Court has not entered a scheduling order, and the parties have not yet conferred as Federal Rule of Civil Procedure 26(f) requires. As a result, discovery has not formally commenced in the case. *See* Fed. R. Civ. P. 26(d)(1). Until the parties have engaged in discovery, motions for summary judgment are premature, and the Court consequently should deny Looney's pending motions for summary judgment on that basis.

**B.     The first summary judgment motion seeks relief from unserved defendants.**

In the first motion for summary judgment, Looney seeks relief from "Defendants," but he does not identify which defendants are the subject of the motion. *See* ECF No. 59. As the docket sheet reflects, there is no evidence showing that Looney has properly served all the defendants with process. The Court cannot enter judgment against a defendant that has not been properly served. A federal court cannot enter a valid judgment in the absence of jurisdiction over the defendant's person. 4 Wright & Miller § 1063; *see also Recreational Properties, Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986) (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside."). Proper service of process is required because it gives notice to the defendant that an action is pending. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). "[A] judgment entered without notice or service violates the Due Process Clause." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988). Because the Court does not have personal jurisdiction over each of the defendants

that are the subject of the first motion for summary judgment, the Court must deny the motion for that reason.

        **C.**      **The summary judgment motions do not comply with procedural rules.**

Federal Rule of Civil Procedure 56 sets out the requirements for summary judgment motions that generally govern motions such as those that Looney filed. In this Court, Local Civil Rule 56 also sets out requirements that a movant for summary judgment must meet. *See* L.C.R. 56. Under L.C.R. 56.2(b) "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." L.C.R. 56.3 contains the rules for the motion, L.C.R. 56.5 addresses the supporting brief, and L.C.R. 56.6 sets out the requirements for the appendix. L.C.R. 56.7 limits what a movant for summary judgment can file other than the motion, response, reply, brief, and appendix.

Looney's summary judgment motions do not comply with the procedural rules. Generally, under Rule 56, Looney's motions, briefs, and supporting materials do not set out each claim on which he seeks summary judgment as to each defendant. They do not give the basic background facts of the case, identify those facts that prove Looney's entitlement to relief, state how each defendant named is involved in the case, and offer legal authorities and arguments that support the relief he seeks. Nor does the second motion for summary judgment and supporting materials give the "who, what, when, where, and how of the alleged fraud" that Rule 9(b) requires of fraud claims. Fed. R. Civ. P. 9(b); *Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quotations and citation omitted). Looney includes in outline form certain legal principles, but he does not support his legal conclusions with facts, references to specific portions of the record, or legal argument as Rule 56(c) requires.

Likewise, the motions do not satisfy the requirements of L.C.R. 56. Despite L.C.R. 56.2's limit of a party to one motion for summary judgment, except as the law or the presiding judge allows, Looney filed two motions. Neither the law nor the presiding judge permitted him to file the second motion. Looney's motions are not separate documents from his briefing and do not contain what a proper motion must contain under L.C.R. 56.3. Looney did not file supporting briefs that comply with L.C.R. 56.5, nor a conforming appendix under L.C.R. 56.6. The record shows that he filed extensive supplemental materials, proffered unauthenticated evidence, did not organize his filings as the rules require, and did not seek leave of court to file them. This did not comply with L.C.R. 56.7. Although he is proceeding without an attorney to represent him, and the Court liberally construes his filings as a *pro se* litigant, Looney's summary judgment pleadings do not comply with the procedural rules that apply generally to all persons who appear in this Court either with or without legal counsel.

## IV.   CONCLUSION

Looney's motions for summary judgment are premature. The first motion seeks relief in part from defendants who have not been served. Neither motion meets the procedural requirements set out in the Federal Rules of Civil Procedure and the Court's Local Civil Rules. Accordingly, the Court should deny them. However, because the Court must liberally construe Looney's *pro se* pleadings, the Court should grant Looney leave to file a single motion for summary judgment after discovery concludes, that seeks relief only against a party that has properly appeared, and that is in full compliance with the Federal Rules of Civil Procedure and the Court's Local Civil Rules.

For these reasons, the undersigned **RECOMMENDS** that Chief Judge O'Connor **DENY** Plaintiff's Motion for Partial Summary Judgment (ECF No. 59) and Motion for Leave to File Partial Summary Judgment (ECF No. 80) without prejudice to Plaintiff Looney's right to refile a

single motion for summary judgment after discovery closes in the form that the Federal Rules of Civil Procedure and the Court's Local Civil Rules require.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass*, 79 F.3d at 1417, modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on November 4, 2025.

                                                                                   _____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE