IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LSE R&D ENGINEERING LLC,** *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-00118-O-BP** |
| | § | |
| | § | |
| **DAVID LISCH,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motion to Dismiss (ECF No. 145) that Gray Reed & McGraw ("Gray Reed") filed on February 5, 2026; and Response (ECF No. 146) that *pro se* Plaintiff Allen Looney filed on February 20, 2026. Also pending for consideration are the Motion for Leave to File Fourth Amendment Complaint (ECF No. 148) that Looney filed on February 23, 2026, Whitaker Chalk Swindle & Schwartz PLLC's Response (ECF No. 151) filed on February 27, 2026, and Looney's Reply filed on March 9, 2026 (ECF No. 153).

After considering the pleadings and applicable legal authorities, the undersigned recommends that Chief United States District Judge Reed O'Connor **GRANT** the Motion to Dismiss (ECF No. 145), **DENY** Looney's Motion for Leave to File Fourth Amendment Complaint (ECF No. 148), and **DISMISS** all of Looney's claims without prejudice.

## I.      BACKGROUND

Liberally construed, as the Court does under *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Looney's Third Amended Complaint asserts claims of legal malpractice, breach of fiduciary duty, negligence, fraud, unjust enrichment, breach of contract, and violations of international filing

duties. ECF No. 127-2 at 39-42. These claims arise from "defendants' professional conduct in connection with [Looney]'s patent prosecution." *Id.* at 13. He sues scores of defendants alleging a vast conspiracy to conceal material facts and disclosures relating to his patent. *Id.* at 42.

He alleges that defendants breached contracts, did not fulfill their professional and fiduciary responsibilities, violated international law, and defrauded him. *Id.* at 39-42. He also alleges the defendants' "prosecution decisions, drafting choices, delegation practices, and cross-border coordination failures [] directly affected patent examination outcomes before the United States Patent and Trademark Office ("USPTO") and corresponding foreign patent offices." *Id.* at 13. Looney sues for economic damages, consequential damages, punitive and exemplary damages, equitable and injunctive relief, and attorney fees and costs. *Id.* at 43-45.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1) standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests

on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*.").

**B.      Supplemental jurisdiction**

Federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This statute allows a court to decline to exercise supplemental jurisdiction over a state law claim in certain circumstances, including when "the district court has dismissed all claims over which it has

3

original jurisdiction" or "in exceptional circumstances" where "there are other compelling reasons for declining jurisdiction." *Id.* at § 1367(c)(3)-(4).

### C.    *Pro se* standard

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle*, 429 U.S. at 106. However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### D.    Dismissal with or without prejudice

Because courts prefer to decide cases on their merits rather than technicalities, Rule 12 dismissals ordinarily are without prejudice. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, dismissal with prejudice is appropriate when a plaintiff could not successfully bring his claim even if given the opportunity to amend it and fix its facial deficiencies. *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

**E.     Dismissal with or without leave to amend**

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

**III.    ANALYSIS**

    **A.     The Court should dismiss Looney's claims because it lacks subject matter jurisdiction.**

        1.     <u>No federal question jurisdiction over Looney's state law claims</u>

In its Motion, Gray Reed argues that the Court should dismiss Looney's case because the Court lacks subject matter jurisdiction to hear it. ECF No. 145 at 4. In his Third Amended Complaint, Looney asserts the Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. ECF No. 127-2 at 16. He alleges his "claims arise from professional conduct undertaken in connection with United States patent prosecution and related international patent filings governed by federal statutes, regulations, and standards . . . before the USPTO." *Id.* He also contends that his claims necessarily implicate substantial questions of federal law. *Id.* Finally,

he argues the court has supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a) because they are part of the same case and controversy as his federal claims. *Id.*

To establish that federal jurisdiction is proper, the face of the complaint must allege a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Simply put, in order for Plaintiff's *pro se* suit to survive in the District Court under federal question jurisdiction, allegations asserting a federal cause of action must appear on the pages of Plaintiff's complaint." *Jones v. Gonzales*, No. MO-12-cv-00005, 2013 WL 12130358, at *3 (W.D. Tex. Feb. 28, 2013), *rec. adopted*, No. MO-12-cv-005, 2013 WL 12131200 (W.D. Tex. Mar. 20, 2013).

If a plaintiff pleads no federal law cause of action, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

In his Response, Looney argues that although he pleads state law causes of action, his "claims necessarily implicate substantial questions of federal [patent] law," such as whether defendants followed federal duties and laws in their patent representation in the USPTO. ECF No. 146 at 9. Looney argues he meets all four *Gunn* factors and therefore jurisdiction is appropriate. *Id.* He contends his state law claims are "substantial" because they involve the integrity of the patent system and conduct of officers of the USPTO. *Id.* Looney does not argue how his claims meet the other three factors of *Gunn*.

In *Gunn*, the plaintiff brought a legal malpractice claim relating to patent representation. 568 U.S. 255. There, the Supreme Court "conclude[ed] that state legal malpractice claims based

on underlying patent matters will rarely, if ever, arise under federal patent law" for purposes of establishing jurisdiction. 568 U.S. 258. Here, Looney brings several state law claims including for legal malpractice against various parties based on underlying patent matters, specifically relating to their representation and conduct surrounding his application for a patent. ECF No. 127-2 at 6, 39-43. Looney only argues that his case differs from *Gunn* because he sues for ongoing misconduct rather than backwards looking malpractice. *Id.* at 10. But Looney does not show how his case meets the four *Gunn* factors, or how *Gunn* is inapplicable to his case.

Just like *Gunn*, Looney's claims may necessarily require some analysis of federal patent law. But that, by itself, is insufficient to create subject matter jurisdiction. "Although such cases may necessarily raise disputed questions of patent law, those cases are by their nature unlikely to have the sort of significance for the federal system necessary to establish jurisdiction." *Gunn*, 568 U.S. at 258. Looney has pleaded no facts to show that his case raises any other issues that have significance for the federal system or any explicit federal causes of action. And Looney has not alleged that the parties are of diverse citizenship, or any other ground of subject matter jurisdiction exists.

While only Gray Reed has moved to dismiss this case for lack of subject matter jurisdiction, it is the Court's duty to determine whether it properly has subject matter jurisdiction over this entire case. *Ruhrgas AG*, 526 U.S. at 583. In his Third Amended Complaint, Looney asserts the same basis for subject matter jurisdiction for all seven groups of defendants whom he has sued. As a result, the Court should dismiss all of Looney's claims without prejudice because it lacks subject matter jurisdiction as to the claims against all defendants. And because the Court lacks jurisdiction, it does not analyze the factual sufficiency of Looney's claims under Federal Rule of Procedure 12(b)(6). *Ramming*, 281 F.3d at 158.

2.      No supplemental jurisdiction over Looney's state law claims

Looney asserts that the Court has supplemental jurisdiction over his state law claims because they form the same case or controversy as his claims that raise a federal issue. ECF No. 127-2 at 16. However, the Court does not have jurisdiction over any of the claims in Looney's suit through federal question jurisdiction or any other basis. Therefore, the Court may not exercise supplemental jurisdiction over the state law claims because none of Looney's claims fall "within [its] original jurisdiction." 28 U.S.C. § 1367(a). Accordingly, the Court lacks jurisdiction and should dismiss Looney's state law claims without prejudice to his right to assert those claims in the proper court.

**B.      The dismissals should be without leave to amend, and the Court should deny Looney's Motion for Leave to File Fourth Amendment Complaint (ECF No. 149).**

Looney does not plead any basis upon which the Court has subject matter jurisdiction over his claims, despite having multiple opportunities to do so. Looney already has filed his Complaint, three amended Complaints, numerous motions, and the present Response to the pending Motions to Dismiss. ECF Nos. 1, 30, 114, 127, 146. Each filing contains numerous pages stating the facts of his case. *See id.* Nevertheless, Looney has not stated facts to establish that the Court has subject matter jurisdiction to consider his claims. The Court concludes that Looney has pleaded his best case and that further amendment of the Third Amended Complaint to address the deficiencies noted above would be futile.

Therefore, the Court should dismiss Looney's Third Amended Complaint without leave to amend, and the Court should **DENY** Looney's Motion for Leave to File Fourth Amendment Complaint (ECF No. 149).

## IV.    CONCLUSION

Because Looney has not pleaded facts to support a basis for the Court to exercise subject matter jurisdiction, and further amendment of his Third Amended Complaint to cure this defect would be futile, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion to Dismiss (ECF No. 145), **DENY** Looney's Motion for Leave to File Fourth Amendment Complaint (ECF No. 148), and **DISMISS** Looney's Third Amended Complaint without prejudice and without leave to amend.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass*, 79 F.3d at 1417, modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on March 10, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

9